IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 06 C 3078<br>) |
| ILLINOIS STATE BOARD OF EDUCATION, et al., etc., | )<br>)<br>) |
| Defendants. | ) |

MEMORANDUM ORDER

Joanne and Mitchell Schmidt (collectively "Schmidts"), sued as parents and next friends of their minor son Max, have filed their Response to Complaint in this action brought by Chicago's Board of Education against them and the Illinois State Board of Education. This memorandum order is issued sua sponte because that responsive pleading has violated both this District Court's LR 10.1 and, as well, some fundamental principles of federal pleading.

As for the first of those violations, the reason for LR 10.1 is obvious: It enables the reader--whether plaintiff's counsel or this Court--to look at a single document to ascertain what matters are and are not being placed in issue, rather than the reader's having to flip back and forth between the complaint and its answer. For that reason alone it is appropriate to strike Schmidts' existing Response, with leave of course being granted to file a self-contained Amended Answer on or before June 26,

2006.

With Schmidts' counsel thus being required to go back to the drawing board in any event, they must also correct two types of error that unfortunately crop up with enough frequency to have been made the subject of the Appendix to this Court's opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276 (N.D. Ill. 2001). Here are those flaws:

1. Response ¶¶11 and 22 identify only Schmidts' asserted lack of personal knowledge, rather than tracking the more demanding disclaimer that the second sentence of Fed. R. Civ. P. ("Rule") 8(b) requires for a pleader to get the benefit of a deemed denial--see App. ¶1 to State Farm. Those paragraphs are stricken, again with leave granted to replead as part of the Amended Answer.

2. Response ¶¶14 and 21 impermissibly decline to respond to the Complaint's corresponding allegations (see Rule 8(b)'s first sentence) on the premise that those corresponding allegations "state[ ] a legal conclusion." Both paragraphs are also stricken (see App. ¶2 to State Farm), once again with leave granted to replead with proper responses as part of the Amended Answer.

                                              */s/ Milton I. Shadur*
                                              Milton I. Shadur
                                              Senior United States District Judge

Date: June 16, 2006